IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO.: 2:14 cR 596 |
| | ) | |
| | ) | 50 U.S.C. § 1705 |
| vs. | ) | 31 C.F.R. Part 560 |
| | ) | |
| | ) | **INDICTMENT (SEALED)** |
| **DAVID STONE** | ) | |

## COUNT 1

THE GRAND JURY CHARGES:

At all times material to this Indictment:

Defendant

    1.    Defendant **DAVID STONE** was an American citizen residing in South Carolina and was president of Stone Aviation International.

Laws

    2.    The International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701 – 1706, gives the President of the United States broad authority to regulate exports and other international transactions in times of national emergency. IEEPA controls are triggered by an executive order declaring a national emergency based on an "unusual and extraordinary threat, which has its source in whole or substantial part outside the United States, to the national security, foreign policy, or economy of the United States." Executive orders issued pursuant to IEEPA may impose broad trade restrictions against a particular country that are more comprehensive than standard export controls and typically restrict U.S. persons from engaging in a broad range of transactions involving the offending foreign government or its nationals, unless specific government authorization is obtained in advance.

1

3. On March 15, 1995, the President issued Executive Order 12959, which continued previously-issued executive orders in declaring a national emergency with respect to Iran and the government of Iran. The executive order was issued based on presidential findings that the policies and actions of the government of Iran constitute a threat to the national security of the United States due to Iran's support of international terrorism and its attempts to acquire weapons of mass destruction. The same or similar presidential findings have been made each successive year, up to the present date.

4. On May 6, 1995, under executive IEEPA authority, the President declared a trade embargo against Iran, prohibiting the export from the United States to Iran of any goods, technology or services, with limited exceptions for publications, other informational materials, and donated articles such as medical supplies intended to relieve human suffering. On August 17, 1997, the President reiterated and renewed the embargo by issuing Executive Order 13059, which remained in effect during the period of the instant offense.

5. In September 1995, the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC"), issued regulations implementing the executive order and trade embargo (now named the "Iranian Transactions and Sanctions Regulations" or "ITSR"). See 31 C.F.R. § 560 et seq. With certain limited exceptions not applicable here, the ITSR prohibit, among other things, the export, re-export, sale, or supply, directly or indirectly, from the United States or by a United States person wherever located, to Iran or the Government of Iran, of any goods, technology, or services, without prior authorization from OFAC, located in Washington, D.C.

6. The Iran Trade Embargo and the ITSR were in effect, publicly issued, and widely reported at all times relevant to this indictment.

7. At all times relevant to this indictment, neither **DAVID STONE** nor Stone Aviation International applied for, received or possessed a license or authorization from OFAC to export goods, technology, or services, of any description, to Iran.

Services to Iran

8. From on or about October 3, 2009 and continuing through on or about August 4, 2010, **DAVID STONE**, from within the District of South Carolina, did knowingly and willfully violate the embargo against Iran by providing a service to a citizen of Iran, located in Iran. That is, **DAVID STONE** acted as a broker to assist an Iranian with the purchase of four (4) helicopters without obtaining a license from OFAC,

In violation of Title 50, United States Code, Section 1705 and Title 31, Code of Federal Regulations, Parts 560.204 and 560.416.

A _true_ BILL

WILLIAM N. NETTLES (sk)
UNITED STATES ATTORNEY