# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

CASE NO. 2:14-CR-596-DCN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **SENTENCING MEMORANDUM** |
| DAVID STONE, ) | |
| ) | |
| Defendant. ) | |

The Defendant, by and through his undersigned counsel, hereby submits this Memorandum in support his request for a variance below the sentencing guidelines. Based upon an examination of the totality of the circumstances of Mr. Stone's pre-indictment and post-arrest conduct, as well as his efforts to correct these wrongs, the undersigned respectfully requests that the Court grant a variance and impose a sentence below the advisory guideline range.

**I.    HISTORY OF THE CASE**

Mr. Stone is the sole Defendant named in this indictment which was filed in the District of South Carolina on August 12, 2014, however the document remained sealed until June 7, 2017. On February 12, 2018, pursuant to a written plea agreement, Mr. Stone pleaded guilty to the Indictment.

The Presentence Report ["PSR"] has been prepared and based upon a total adjusted offense level of 23, and a criminal history category of I, the guideline imprisonment range is 46 to 57 months (Zone D).[1]  Mr. Stone respectfully requests that this Court grant a variance, sentencing

---

[1] Undersigned counsel is informed and believes that the Government plans to file a Motion for Downward Departure pursuant to U.S.S.G. §5K1.1.

him below the advisory guideline range, in consideration of the factors set forth in 18 U.S.C. §3553.

## II.  THE COURT SHOULD CONSIDER THE RELEVANT FACTORS UNDER 18 U.S.C. §3553(a) AND GRANT A DOWNWARD VARIANCE

Judges are free to exercise significant discretion in imposing sentences below those called for under the Guidelines. Kimbrough v. United States, 128 S.Ct. 558 (2007); Gall v. United States, 128 S.Ct. 586 (2007). Treating the Guidelines as advisory allows the Court to consider the guideline range calculation as one of many factors in determining a sentence *no greater than necessary to achieve the goals of sentencing* set forth in 18 U.S.C. § 3553(a)(2).

## III.  THE § 3553(a) SENTENCING MANDATE

In determining the sentence minimally sufficient to comply with the purposes of sentencing as outlined in Section 3553(a)(2), the court considers several factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. United States v. Eura, 440 F.3d 625 (4th Cir. 2006).

While district courts must "consider" the Guideline range, United States v. Booker, 543 U.S. 220, 245-46 (2005), the other factors are not subordinate to the Guidelines. Sentencing courts have a duty to consider many factors, even factors formerly prohibited by the guidelines, in determining the type of sentence that satisfies the mandate of § 3553(a). See United States v. Abu Ali, 528 F.3d 210 (4th Cir. 2008). The sentencing judge, after considering §§ 3553(a) and 3661

factors, has full discretion to sentence anywhere within the statutory range. Courts may impose a severe or more lenient sentence as long as the final sentence "is reasonable." United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008).

## IV.     CONCLUSION

Throughout this case, counsel has consulted with the Government and the law enforcement agents regarding a potential disposition. Given the unusual posture and the nature of the allegations in the case, undersigned counsel would respectfully request to orally supplement this motion at the sentencing hearing. Therefore, based upon the foregoing, and the matters to be discussed at the sentencing hearing, Mr. Stone requests that the Court, grant him a variance from the advisory guidelines, and impose a sentence no greater than necessary to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

S/ JASON P. PEAVY_____
Jason P. Peavy, Federal I.D. #7900
3104 Devine Street
Columbia, South Carolina 29205
(803) 779-4857
E-mail: Jason@peavylaw.com

ATTORNEY FOR DAVID STONE

Columbia, South Carolina

June 29, 2018